UNITED STATES of America, Plaintiff-Appellee,

v.

William COLLIER, Defendant-Appellant.

No. 13660.

United States Court of Appeals Seventh Circuit.

Jan. 16, 1963.

Rehearing Denied March 1, 1963.

**158**

R. Eugene Pincham, Chicago, Ill., William Collier, pro se., for appellant.

James P. O'Brien, U. S. Atty., John Powers Crowley, Asst. U. S. Atty., Chicago, Ill., for appellee. John Peter Lulinski, Asst. U. S. Atty., of counsel.

Before DUFFY, SCHNACKENBERG, and KILEY, Circuit Judges.

KILEY, Circuit Judge.

Defendant was convicted by a jury of violation of the narcotics law [1] and the judge sentenced him to fifteen years imprisonment.

On the evening of December 11, 1960, narcotics agents received a call from Bedford, a "special employee" of the Bureau of Narcotics. They later met and conversed with him and drove him to a hotel in the south side of Chicago. Subsequently defendant drove up to and stopped near the hotel. The agents drove up behind his car. He sped away, was pursued by the agents, and in the chase shook an aluminum packet out of the car window. As agents arrested him, he tried to shake white powder from his clothes and brush it from the car seat. The powder was heroin.

Defendant contends he was entitled to acquittal as a matter of law. He relies upon his uncontradicted testimony that he had befriended Bedford, the "special employee," and purchased the narcotics, only after persistent importuning, in aid of Bedford's health. The jury could weigh against this testimony the fact of defendant's flight and his conduct at its end; his testimony about Bedford's addiction and the agents' contrary testimony; and the likelihood of his humanitarian purpose in having the heroin. Masciale v. United States, 356 U.S. 386, 388, 78 S.Ct. 827, 2 L.Ed.2d 859 (1958). Defendant's story presented enough for jury consideration, but he was not entitled to acquittal as a matter of law. We distinguish Sherman v. United States, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958), where there was no question of credibility.[2]

---

1. 21 U.S.C. § 174. The indictment charged that "defendant did knowingly receive, conceal and facilitate the transportation and concealment * * * of * * * heroin * * *." *

2. There the evidence of entrapment came from the prosecution's own witnesses.

We think, however, the judgment must be reversed for error which brought about an unfair trial.

■ Three times defendant had subpoenas placed with the United States Marshal for service on Bedford as a witness for defendant. All were returned "Not Found." Three petitions for production of Bedford in court were denied.

The reasons for the first denial at the trial were that the procedure for production was improper and:

The Court: Would the Government know a Farlane Bedford, if he is involved in this matter?

Mr. Berg: The Government knows a Farlane Bedford, yes.

The Court: Do you know where he is?

Mr. Berg: No, not at this time, I don't.

The Court: Would you know how to locate him?

Mr. Berg: One moment, your honor.

(Mr. Berg conferred * * *.)

Mr. Berg: Your Honor, the Government represents that it does not know the present whereabouts of Farlane Bedford.

Another ruling was based on the representation of the Government attorney that neither the Government nor its agents nor the Narcotics Bureau knew "the present whereabouts" of Bedford, and "it does not now have him as its special employee." It admitted it had made no effort to "bring him in." The court concluded that "one of you [the Government or defendant] will have to subpoena him and bring him in."

This procedure was unfair to defendant. It is not necessary to charge the Government with playing hide-and-seek with Bedford and defendant, to say that the trial court should have persisted in determining whether the Government knew where Bedford was or would be, or whether it could find out where he was.[3] It was not enough to take the representation of the Government attorney based on what the Bureau or agents had told him.

■ The court erred also in restricting the cross-examination of a Government agent who referred to Bedford on direct as a "special employee." The cross-examiner was attempting to elicit an explanation of the agent's reference to Bedford as a "special employee." That term could imply that Bedford was something more than an informer. The reason given for the ruling was that the subject matter was not covered on direct examination. The District Court gave an instruction in explanation, but the defendant was nevertheless entitled to have the agent tell what he meant by the term used. And the matter was referred to on direct.

■ Several instructions were erroneous: The one explaining the term "special employee" had no basis in the evidence. Number G–14 correctly states the crime but erroneously excludes the defense of entrapment which, if established, is a complete defense, and could confuse the jury in view of Number D–19, also correct, on the Government's burden of proof on entrapment. Number G–25 assumes, with no proof of the fact, that defendant was ready, willing and able to commit the offense charged. And Number G–26 is obscure. There was no error in rejecting defendant's instructions Numbers 17 and 18. The former precluded consideration of evidence contrary to entrapment, and the latter was misleading.

■ A Government agent was permitted to testify, over objection, that defendant's general reputation was bad. Since the case must be retried, we briefly

3. See, in general, Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1956). What the Supreme Court said there about nondisclosure of identity sheds some light on the duty of the trial court to determine whether the Government had the purpose of not disclosing the whereabouts of Bedford.

**160**

refer to the point despite failure to properly preserve it. No case cited by the Government justifies the question asked. The cases of Sorrells v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413 (1952) and Sherman v. United States, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958) authorize only an "appropriate and searching inquiry" into the innocence of a defendant claiming entrapment. They do not justify the general question about defendant's reputation where that is not in issue.

For the reasons given, the judgment is Reversed, and the cause Remanded for new trial consistent with this opinion.