Harold Pitts ROE, Appellant,

v.

UNITED STATES of America, Appellee.

No. 17341.

United States Court of Appeals
Eighth Circuit.

Dec. 16, 1963.

Harold P. Roe, pro se.

F. Russell Millin, U. S. Atty., Kansas City, Mo., for appellee.

Before VAN OOSTERHOUT and BLACKMUN, Circuit Judges, and MEREDITH, District Judge.

PER CURIAM.

On April 28, 1961, appellant, represented by a court-appointed counsel, appeared before the Honorable Albert A. Ridge, then United States District Judge for the Western District of Missouri. He waived venue and indictment, and entered a plea of guilty to a two-count information charging him with violations of 18 U.S.C. §§ 500 and 2312. On May 19, 1961, he was sentenced to 5 years on each count, the sentences to run consecutively.

On November 20, 1961, he filed a motion under 28 U.S.C. § 2255, alleging that his plea of guilty was induced by threats, promises and beatings and that his court-appointed counsel was in collusion with the prosecution against him. An extensive hearing on the motion was held before the Honorable Floyd R. Gibson, United States District Judge for the Western District of Missouri, on April 2, 1962, wherein appellant, FBI agents, local police officers and others testified. Judge Gibson found that there was no basis for the appellant's motion and accordingly it was overruled. On July 20, 1962, this Court denied as frivolous the appeal from Judge Gibson's ruling.

On May 4, 1962, appellant was indicted for violation of 18 U.S.C. § 1621 for having perjured himself when he gave testimony at his hearing before Judge

Gibson. On June 1, 1962, the Honorable John W. Oliver, United States District Judge for the Western District of Missouri, ordered appellant to be examined at the Medical Center for Federal Prisoners at Springfield, Missouri, to determine his mental competency to stand trial. The reports of the staff of the Medical Center indicated appellant was competent to stand trial and it was so found. On October 22, 1962, appellant was convicted of perjury by a jury. The defense to the perjury charge was that appellant was mentally incompetent at the time he committed the crime of perjury. On February 7, 1963, Judge Oliver sustained a motion for a directed verdict of acquittal because sufficient evidence was introduced at the trial to overcome the presumption of sanity which the government did not rebut. United States v. Roe, D.C., 213 F.Supp. 444.

On February 25, 1963, appellant filed a second motion under section 2255 alleging he was insane at the time he entered his plea on April 28, 1961.[1] In the main, appellant relied on reports of the Springfield Medical Center and the testimony of Dr. Keith at the perjury trial. He drew attention to statements of his court-appointed attorney at the time of his plea that appellant should be sent to the Springfield Medical Center and to certain other statements made by appellant regarding his condition at that time. He offered Dr. Keith as a witness in his proposed hearing on the second motion. He alleged that this "insanity" ground of attack was not available to him at the hearing on his first motion. In response to appellant's motion, the government included copies of two reports of the Springfield Medical Center made in connection with the perjury trial. Judge Gibson also obtained a supplemental report of the Springfield Medical Center stating that in the examiners' opinion there was probable cause to believe appellant was competent to understand the proceedings against him and to assist in his defense at the time of his plea and that he was not insane at the time of the offense.

After studing these medical reports, the records of his original plea and sentence and relying on his own observation of appellant's manner as he testified in his hearing on his first section 2255 motion, Judge Gibson found that appellant was competent at the time of his original plea and at the time of his hearing on his first motion and that an opportunity to raise the competency issue existed at the time of the first hearing. Judge Gibson denied the second motion, concluding that the files and records showed conclusively that petitioner was entitled to no relief but granted appellant leave to appeal here in forma pauperis as the issue of his denial of a hearing was not clearly frivolous. On appeal, the matter was submitted on briefs without oral argument.

The government concedes that the question of insanity at the time of the plea is a factual issue requiring a hearing, Bishop v. United States, 350 U.S. 961, 76 S.Ct. 440, 100 L.Ed. 835, Taylor v. United States, (8th C.A., 1960) 282 F.2d 16, but contends that there was no error in denying a hearing because the factual allegations were insufficient to support appellant's contention that he was mentally incompetent. The point might be well taken where the motion was denied for that reason but that is not the instant circumstance. The district court permitted appellant to file the motion, acknowledged the factual issue presented and determined that appellant was competent on the basis of his personal observation of appellant at the time of the first hearing and upon the Springfield medical reports emanating from appellant's subsequent perjury trial. Understandably that course would appear

---

[1]. Appellant also alluded in his motion to his insanity at the time of the commission of the offenses proscribed by 18 U.S. C.A. §§ 500 and 2312. This was not the major import of his motion, but we note that an allegation of insanity at the time of the commission of the offense is not a valid ground for vacation of sentence under § 2255. Taylor v. United States, 282 F.2d 16, at page 21.

sufficient since appellant relied almost entirely on the Springfield medical reports, based on examination of appellant immediately following his first hearing before the district court. There was nothing in his motion suggesting that the district court consider other prior or subsequent specific determinations or evidence of his alleged mental incompetency in making its determination of his competency at the time of his plea in April, 1961. However, the tangle that arises from determination of mental competency without a hearing or appointment of counsel to aid a prisoner in asserting all his factual bases is amply demonstrated here where appellant has filed, in response and in reaction to the government's appeal brief, a supplemental affidavit of alleged prior determinations of his incompetency. But, apart from this supplemental affidavit, we have determined that the district court's order must be reversed and remanded in accordance with principles heretofore established.

Standing alone, the court's personal observations at the time of plea or trial cannot make unnecessary a hearing for a determination of mental competency when that issue is properly raised. Hayes v. United States, (C.A.8th, 1962), 305 F.2d 540, 543; Taylor v. United States, supra, 282 F.2d l. c. 22. It follows that the court's personal observations approximately a year and a half after the entry of the plea cannot substitute for a hearing, particularly where, as here, at least some serious doubt existed in the minds of the medical examiners as to appellant's sanity at the time of the hearing of the first motion.

The Springfield medical reports were not technically a part of the files and records of the original proceedings. Without the district court's in camera examination of these medical reports, the conclusion could not have been reached that the "files and records of the original proceedings conclusively showed that appellant was entitled to no relief." As stated in Taylor v. United States, supra, 282 F.2d l. c. 23, "either the 'files and records' of the original proceedings must 'conclusively show that the prisoner is entitled to no relief' or a hearing must be held which is not ex parte in nature."

Subsequent to the district court's denial of appellant's second motion, which was, in part based on the prisoner's failure to raise the question at his first hearing, the Supreme Court set forth in Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148, guidelines for the treatment of successive section 2255 motions. As we understand it, coercion of a plea of guilty is a different ground for relief than that of alleged mental incompetency at the time of his plea. Thus applying the standards of Sanders v. United States, supra, controlling weight cannot be given to the prior adjudication on the merits of appellant's first motion based on the alleged coercion of his plea. The second motion based on mental incompetency must be given full consideration unless the government pleads and proves appellant's abuse of the motion process.

In this latter connection, we refer to the supplemental affidavit filed with this Court and to which earlier reference has been made. Therein appellant states that he was categorized as legally insane in 1950 or 1951 in Chester County, Henderson, Tennessee; that he has been placed in four hospitals due to mental illness; that his grandmother was admitted to a hospital for the same mental defects as that of appellant and that he was confined in the mental ward of Nashville State Prison in 1960. These factual allegations were not before the district court. While it might be inferred that the timing in revealing these additional alleged facts negates the obvious newly discovered quality of the evidence of the Springfield medical reports arising out of the perjury trial and thus form a basis for the government to claim abuse of the motion, we are of the view that at this particular juncture, such a pursuit would not be expedient or worthwhile. The order of the district court will be reversed and remanded with directions to appoint counsel for appellant and to hold

a hearing on appellant's mental competency at the time he entered his plea on April 28, 1961. The necessity of appellant's appearance at the hearing will rest in the discretion of the district court.