Harold Pitts ROE, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 17882.

United States Court of Appeals
Eighth Circuit.

Nov. 24, 1964.

Reheraing Denied Jan. 7, 1965.

Before JOHNSEN, Chief Judge, and
MATTHES, Circuit Judge.

PER CURIAM.

In order not to leave open appellant's attack upon his conviction, the appeal pending from his filing of notice of appeal to the denial of his motion under 28 U.S.C.A. § 2255 to vacate sentence will be permitted to be docketed without payment of fee, and the appeal will thereupon be dismissed as not involving any substantial question for review and so legally being frivolous.

The history of appellant's conviction and of his attacks thereon is set out in Roe v. United States, 307 F.2d 508 (C.A. 8, 1962) and Roe v. United States, 325 F.2d 556 (C.A. 8, 1963).

In the latter case, we reversed the District Court's denial without a hearing of appellant's second motion under § 2255 and remanded the matter "with directions to appoint counsel for appellant and to hold a hearing on appellant's mental competency at the time he entered his plea on April 28, 1961." 325 F.2d at 558–559.

This appeal is from the determination thereafter made by the District Court that appellant was at the time of his conviction and sentencing mentally competent and able to understand the proceedings against him and to assist in his own defense. That determination was arrived at after a full hearing in which appellant was both present and represented by counsel and "was given full opportunity to present any and all evidence concerning his mental capacity at the time he entered his plea".

The Court's Memorandum and Order summarizes the evidence which was before it on the hearing and clearly demonstrates that it was entitled to make the determination which it did. In addition to its appraisal of the expert testimony, the Memorandum and Order points out that "Furthermore, this Court has had the opportunity to observe the demeanor of the petitioner at two separate hearings", and that "At no time has petitioner shown any overt symptoms of mental illness, but on the contrary appeared oriented as to time and place, aware of the nature of the proceedings,

and able to assist his counsel in presenting his claims".

On the situation thus existing, it seems obvious that the attempt to challenge the trial court's determination does not present any substanial question for review and could only have a futile result.

Appeal dismissed.