**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**William COLLIER, Defendant-Appellant.**

**No. 16569.**

United States Court of Appeals
Seventh Circuit.

July 22, 1968.

William Collier, in pro. per.

Thomas A. Foran, U. S. Atty., Chicago, Ill., for appellee, John Peter Lulinski, Gerald M. Werksman, Thomas N. Todd, Asst. U. S. Attys., of counsel.

Before HASTINGS, Circuit Judge, KNOCH, Senior Circuit Judge, and SWYGERT, Circuit Judge.

SWYGERT, Circuit Judge.

William Collier appeals from an order denying his motion, made pursuant to 28 U.S.C. § 2255, to set aside a sentence imposed for a violation of the federal narcotic laws. Collier's principal claim for relief is that he was mentally incompetent to stand trial and therefore his conviction and sentence were invalid.

In 1951 Collier was convicted of a violation of the federal narcotic laws and received a prison sentence of ten years. In 1960 he was again charged with a federal narcotic violation. He was tried on this second charge in 1962, found guilty, and sentenced to fifteen years imprisonment. We reversed the conviction and remanded the case for a new trial. United States v. Collier, 313 F.2d 157 (7th Cir. 1963). On retrial in December 1964, Collier was again found guilty and sentenced to ten years imprisonment. We affirmed. United States v. Collier, 362 F.2d 135 (7th Cir. June 15, 1966).

While the case was pending on the second appeal, Collier was indicted (September 30, 1965) for a third violation of the narcotic laws. Thereafter, in December 1965, his appeal bond was revoked and he was committed to the custody of the Attorney General of the United States to serve the ten-year sentence imposed as a result of the conviction on the 1960 charge. In February 1966 Collier was brought before the district court for arraignment on the 1965 indictment. The arraignment and the subsequent proceedings in connection with this indictment were before a different judge than the one who tried and sentenced Collier in the 1960 case. At the arraignment the district judge ordered Collier committed to the Medical Center for Federal Prisoners at Springfield, Missouri to determine whether he was mentally competent to stand trial on the new charge. After receiving a psychiatric report from the federal facility, the judge committed Collier to the Springfield, Missouri institution on May 2, 1966 under the provisions of 18 U.S.C. § 4246. Upon motion of the Government, the court dismissed the new charges against him.

In January 1967 Collier filed the instant section 2255 motion, claiming that he was incompetent to stand trial on the 1960 indictment. The motion was denied by the sentencing judge without a hearing. Collier filed a petition for a re-hearing which was denied. This appeal followed.

In support of his claim of incompetency, Collier alleged that he was discharged from the United States Army in March 1942 "suffering from dementia praecox" (as shown by a certified copy of his discharge which he submitted) and that he was later committed to an Illinois mental institution. From documents submitted ex parte by the Government, it appears that a sanity hearing was conducted in the County Court of Cook County, Illinois in March 1942 and that Collier was committed to the Elgin State Hospital for treatment of his mental condition (schizophrenia). The documents further show that in April 1942 Collier was discharged from the hospital as "cured" and that the judge of the Cook County court thereafter ordered that he be restored "to all the rights and privileges of a sane person."

In denying the instant motion, the district judge in part said:

During the trial of this case, the defendant [Collier] was well represented by counsel and the issue of his competency at the time of the commission of the offense was not raised. * * * I find petitioner's contention that he was incompetent at the time of the trial without merit. From the record and my personal recollection of this petitioner and his trial, at which I was the presiding Judge, I have no doubt that he was competent to stand trial and assist in his defense.

An analysis of the judge's statement shows that he considered four separate circumstances in denying the motion: (1) Collier was "well represented" by counsel; (2) the incompetency issue had not been raised at the trial; (3) the record showed that Collier was competent; and (4) the judge's personal recollection of Collier and his trial did not indicate incompetency. None of these circumstances justified denying Collier's section 2255 motion, based on incompetency to stand trial, without a hearing.

It is well settled that a section 2255 motion collaterally attacking a conviction on the ground of a defendant's incompetency to stand trial may not be summarily denied without a hearing because the defendant was represented by counsel at his trial or because the issue of incompetency was not raised during the criminal prosecution. Bishop v. United States, 350 U.S. 961, 76 S.Ct. 440, 100 L.Ed. 835 (1956); Nelms v. United States, 318 F.2d 150 (4th Cir. 1963); Milani v. United States, 304 F.2d 627 (7th Cir. 1962); Gregori v. United States, 243 F.2d 48 (5th Cir. 1957).

It is equally well settled that the record of the criminal proceeding itself must demonstrate conclusively that a defendant was competent to stand trial if a claim of incompetency is to be disposed of without a hearing. Documents or other evidence *de hors* the record may not be used to resolve the issue except at a hearing. Ex parte documents or reports will not suffice. Van De Bogart v. United States, 305 F.2d 583 (5th Cir. 1962); Taylor v. United States, 282 F.2d 16 (8th Cir. 1960). Although the trial judge made the conclusional statement that he based his denial of Collier's motion in part "from the record," he alluded to nothing specifically referring to the issue of incompetency. This failure, of course, is understandable because that issue was not raised before him at the trial.

Finally, a trial judge's personal observations and recollections of a defendant at the trial may not dispense with a hearing when a claim of incompetency to stand trial is properly made in a section 2255 motion. Roe v. United States, 325 F.2d 556 (8th Cir. 1963); Taylor v. United States, supra.

For the foregoing reasons, we hold that the district judge erred in not conducting a hearing on the issue of incompetency presented in Collier's section 2255 motion.[1]

The order of the district court is reversed, and the matter is remanded for a hearing.

KNOCH, Senior Circuit Judge (dissenting).

I find myself unable to agree that an evidentiary hearing was required here. The obviously clear recollections of the District Judge who had observed the defendant through two trials were sufficient basis for his ruling. I would affirm his decision.

---

1. Collier's other contention that the Government failed to comply with 26 U.S.C. § 7237(c) (2), is without merit.