19 F.3d 23
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Aurelio CORTEZ, Appellant,
v.
UNITED STATES of America, Appellee.
 No. 93-2799.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: February 23, 1994.
Filed: March 8, 1994.
 
 Before BOWMAN, LOKEN, and HANSEN Circuit Judges.
 PER CURIAM.
 
 
 1
 Aurelio Cortez appeals from the district court's[1] order denying Cortez's 28 U.S.C. Sec. 2255 motion to vacate his sentence. We affirm.
 
 
 2
 On July 16, 1990, Cortez was arrested for narcotics offenses, and he appeared before a magistrate on July 18, 1990. A jury convicted Cortez of possession of cocaine, and, because of jury-deadlock, a mistrial was declared as to four other counts. After Cortez was charged in a second superseding indictment with conspiracy to possess with intent to distribute cocaine, he pleaded guilty to that charge in exchange for dismissal of the remaining counts. The district court sentenced Cortez to concurrent prison terms of 24 months for cocaine possession and 60 months for conspiracy, and concurrent one-year and six-year terms of supervised release. Cortez did not appeal his convictions or his sentence.
 
 
 3
 Cortez then moved to vacate his sentence, arguing that (1) he was denied his right to appear before a magistrate without unnecessary delay after his arrest, in violation of Fed. R. Crim. P. 5(a); (2) he should have received only one punishment because his convictions arose from a single criminal act; (3) he should have been granted a reduction in his offense level for his minor or minimal role in the offense; (4) his speedy trial rights were violated when his second trial date was scheduled in excess of seventy days after he was charged in the first superseding indictment; (5) the court improperly enhanced his sentence for possession from one year to two years based on a prior dismissed drug charge; and (6) the one-year term of supervised release for possession was illegal because 21 U.S.C. Sec. 844(a) did not authorize supervised release.
 
 
 4
 After the government responded, the district court concluded that the "unnecessary delay" claim was not cognizable in a section 2255 motion, but in any event, Cortez did not demonstrate prejudice resulting from any lapse of time in holding an initial hearing. Also, his appearance before a magistrate within forty-eight hours satisfied the requirements of Rule 5(a). The court concluded Cortez waived any Speedy Trial Act claim by pleading guilty, but the claim would be without merit because the seventy-day clock, under 18 U.S.C. Sec. 3161(e), was reset after the court declared the mistrial, and Cortez pleaded guilty within seventy days of the declaration of a mistrial.
 
 
 5
 The district court concluded that Cortez's claims regarding the improper application of the sentencing guidelines were not cognizable because they should have been raised on direct appeal, but that they were nevertheless without merit. First, the PSR did not indicate that Cortez's criminal history score was enhanced as a result of a dismissed prior drug charge. Rather, Cortez's PSR reflected that Cortez was convicted of possession of marijuana, for which he was sentenced to three years probation; that a second drug possession count was dismissed; and that his criminal history score was increased because his probation was revoked and he was sentenced to eighteen months imprisonment. Second, 18 U.S.C. Sec. 3583(b)(3) and U.S.S.G. Sec. 5D1.2(b)(3) authorized one-year terms of supervised release for Class E felonies. Third, Cortez did not object to the PSR's failure to recommend a reduction for minor participation in the offense at sentencing, and, based on the record, Cortez's total offense level adequately reflected all applicable mitigating factors. Finally, Cortez's concurrent sentences for the two convictions were proper. On appeal, Cortez reiterates his arguments presented to the district court.
 
 
 6
 We agree with the district court that Cortez's "unnecessary delay" claim is not cognizable in a section 2255 motion. Monteer v. Benson, 574 F.2d 447, 449 (8th Cir. 1978). By pleading guilty, Cortez waived his Speedy Trial Act claim. See United States v. Cox, 985 F.2d 427, 433 (8th Cir. 1993). Cortez's claims regarding misapplication of the sentencing guidelines should have been raised on direct appeal, and Cortez did not show any cause or prejudice to excuse his procedural default. See Ford v. United States, 983 F.2d 897, 898 (8th Cir. 1993) (per curiam).
 
 
 7
 Finally, Cortez concedes that his convictions for conspiracy and possession do not violate double jeopardy. He argues that because his conspiracy and possession convictions arose from the same act, they should be treated similarly to convictions for distribution and possession with intent to distribute under 21 U.S.C. Sec. 841(a)(1), which a majority of circuits have held are not subject to multiple punishments. See United States v. Mendoza, 902 F.2d 693, 698 (8th Cir. 1990) (and cases cited therein); United States v. Palafox, 764 F.2d 558, 562 (9th Cir. 1985) (en banc). Cortez's convictions for conspiracy and possession, however, involve 18 U.S.C. Secs. 846 and 844, which require different elements of proof. Cf. United States v. Boykins, 966 F.2d 1240, 1244-45 (8th Cir. 1992) (separate sentences allowed for attempt and conspiracy convictions). Thus, Cortez's concurrent sentences for his possession and conspiracy convictions were proper.
 
 
 8
 Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable Harry H. MacLaughlin, Senior United States District Judge for the District of Minnesota