28 F.3d 1213
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
German HERNANDEZ, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-3188.
 United States Court of Appeals, Sixth Circuit.
 June 24, 1994.
 
 Before: KEITH, NORRIS, and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 German Hernandez, a pro se federal prisoner, appeals a district court order denying his motion to vacate his sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1990, Hernandez pleaded guilty to conspiracy to distribute cocaine. He was sentenced to serve 240 months of imprisonment and five years of supervised release. In his direct appeal, Hernandez argued that his counsel was ineffective and that the district court abused its discretion by not allowing him to withdraw his plea. This court affirmed the conviction. United States v. Hernandez, No. 90-4127, 1991 WL 180259, at * 1, 1991 U.S.App. LEXIS 22270, at * 1 (6th Cir. Sept. 13, 1991) (order).
 
 
 3
 In 1992, Hernandez filed a motion to vacate his sentence pursuant to 28 U.S.C. Sec. 2255 contending that his attorney was ineffective and that his guilty plea was invalid. The district court denied the motion and this court affirmed. Hernandez v. United States, No. 92-3447, 1992 WL 245931, at * 1, 1992 U.S.App. LEXIS 25045, at * 3 (6th Cir. Sept. 29, 1992) (order).
 
 
 4
 In January 1993, Hernandez filed a second motion to vacate under Sec. 2255 claiming inaccuracies in the sentencing procedures. The district court denied the motion, and Hernandez did not appeal the district court's decision.
 
 
 5
 In October 1993, Hernandez filed his current motion to vacate contending that his sentence should not have been enhanced and that his acceptance of responsibility warranted a reduction in his sentence. The district court denied the motion as meritless.
 
 
 6
 In his timely appeal, Hernandez essentially raises the same issues that he presented to the district court. He requests the appointment of counsel and oral argument.
 
 
 7
 To prevail under Sec. 2255, a petitioner must show a fundamental defect in the proceedings that inherently resulted in a complete miscarriage of justice or an error so egregious that it amounted to a violation of due process. United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 113 S.Ct. 2424 (1993).
 
 
 8
 Because Hernandez has filed two previous Sec. 2255 motions, his current request for relief constitutes an abuse of the procedure under Sec. 2255. See Rule 9(b), Rules Governing Section 2255 Proceedings in the United States District Courts; cf. McCleskey v. Zant, 499 U.S. 467, 488-91 (1991). Further, Hernandez makes no claim of factual innocence so as to excuse the abuse under Kuhlmann v. Wilson, 477 U.S. 436, 454 (1986).
 
 
 9
 Finally, we note that an alleged misapplication of the sentencing guidelines is not cognizable under Sec. 2255 and is reviewable only on direct appeal. Cortez v. United States, No. 93-2799, 1994 WL 66658, at * 2, 1994 U.S.App. LEXIS 4000, at * 5 (8th Cir. March 8, 1994) (per curiam); Scott v. United States, 997 F.2d 340, 342-43 (7th Cir.1993); see also United States v. Walsh, 733 F.2d 31, 35 (6th Cir.1984) (claims challenging a defendant's sentence are considered waived if no objection is lodged at sentencing and no argument is raised on direct appeal). For these reasons, Hernandez's appeal is without merit.
 
 
 10
 Accordingly, we deny the requests for counsel and oral argument, and we affirm the district court's order. Rule 9(b)(3), Rules of the Sixth Circuit.