_____

No. 95-1954
_____

Ralph Ausba Wynn,                       *
                                        *
            Appellant,                  *
                                        *  Appeal from the United States
       v.                               *  District Court for the
                                        *  Eastern District of Missouri.
United States of America,               *
                                        *  [UNPUBLISHED]
            Appellee.                   *


_____

            Submitted:  December 22, 1995

               Filed:  December 29, 1995
_____

Before FAGG, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____

PER CURIAM.


     Ralph Ausba Wynn was convicted of bank robbery and sentenced to
fifty-one months imprisonment.  He filed this 28 U.S.C. § 2255 motion,
citing numerous instances of ineffective assistance of counsel, and
asserting that the six-month delay between his arrest and indictment
violated the Speedy Trial Act, 18 U.S.C § 3161(b).  The district court[1]
denied relief, and we affirm.

     As a preliminary matter, we note that since the filing of his section
2255 motion, Wynn has been released from custody.  Nevertheless, his appeal
is not moot because he was in custody when he filed his motion, and his
conviction could have collateral

---

[1]The Honorable Jean C. Hamilton, Chief Judge, United States
District Court for the Eastern District of Missouri.

consequences in the future.  See Clemmons v. United States, 721 F.2d 235, 237 n.3 (8th Cir. 1983).

As to Wynn's ineffective-assistance claims, first, we see no merit to his contention that counsel was ineffective for failing to pursue a diminished capacity defense, as a court-ordered psychiatric examination revealed that Wynn was mentally competent at the time of the offense.  See Mathenia v. Delo, 975 F.2d 444, 448 (8th Cir. 1992), cert. denied, 113 S. Ct. 1609 (1993).  We reject Wynn's attempt to supplement the record with regard to this claim.  See Dakota Indus., Inc. v. Dakota Sportswear, Inc., 988 F.2d 61, 63 (8th Cir. 1993).  Second, Wynn's assertion that counsel performed deficiently in failing to make certain evidentiary objections is likewise without merit, as there was no basis for making such objections. See Anderson v. Goeke, 44 F.3d 675, 680 (8th Cir. 1995).  Third, in light of the strong evidence against Wynn--which included photographs of him from the bank's security cameras and identification by two eyewitnesses--counsel was not ineffective in conceding that Wynn took the money, and arguing that he was guilty of only the lesser included offense of bank larceny.  See Dokes v. Lockhart, 992 F.2d 833, 836 (8th Cir. 1993), cert. denied, 115 S. Ct. 437 (1994).  Fourth, the mere fact that Wynn's counsel subsequently went to work for the United States Attorney's Office does not demonstrate that "`an actual conflict of interest adversely affected his . . . performance.'"  Strickland v. Washington, 466 U.S. 668, 692 (1984) (quoted case omitted).

Wynn's claim concerning the delay between his arrest and indictment is not cognizable in a section 2255 motion.  See Monteer v. Benson, 574 F.2d 447, 449 (8th Cir. 1978).  Finally, we do not address his claim, raised for the first time on appeal, that he was not tried by a jury of his peers.  See Fritz v. United States, 995 F.2d 136, 137 (8th Cir. 1993), cert. denied, 114 S. Ct. 887 (1994).

Accordingly, we affirm.

A true copy.

   Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.