Lorenzo WRIGHT, Appellant,

v.

UNITED STATES, Appellee.

No. 89-1496.

District of Columbia Court of Appeals.

Argued Dec. 12, 1990.
Decided March 22, 1991.

Peter H. Meyers, appointed by this court, for appellant.

Elisabeth A. Bresee, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., and John R. Fisher, Elizabeth Trosman, and Wendy Wysong, Asst. U.S. Attys., were on the brief, for appellee.

Before TERRY, FARRELL and WAGNER, Associate Judges.

WAGNER, Associate Judge:

After a jury trial, appellant was found guilty of two counts of possession with intent to distribute a controlled substance (PWID) (cocaine and phencyclidine (PCP)) in violation of D.C.Code § 33-541(a)(1) (1989 Repl.). Appellant raises two issues on appeal: (1) whether the trial court erred in denying his request for an instruction which would allow the jury to consider the lesser included offenses before reaching unanimity on the offenses charged; and (2) whether the unlawful intent to distribute may be inferred from appellant's expressed intention to share the drugs he possessed with a friend. Finding no reversible error, we affirm.

On April 3, 1988, a Metropolitan police officer saw appellant in a high narcotics area of the District of Columbia when appellant pulled his hand from a pouch and displayed to two other individuals a tinfoil packet which looked like those used to package illegal drugs. When the officer

got out of his police cruiser, appellant ran. After a brief chase by car and on foot, the officer caught up with appellant. Appellant fell and tried to push away the tinfoil packet and pouch, but the officer recovered both. The pouch contained thirteen other tinfoil packets of marijuana laced with PCP and a container in which there were three ziplock bags of cocaine. A witness for the government, who qualified as an expert on the packaging, use and sale of illegal drugs, testified that the cocaine and PCP recovered were usable amounts; that PCP and marijuana are commonly sold in tinfoil packets; that cocaine is commonly sold in ziplock bags; that users customarily purchase drugs in small quantities (i.e., 1 or 2 packets); that dealers commonly carry different kinds of drugs; and that the quantity, packaging and manner of secretion described in a hypothetical, consistent with the evidence, suggested drugs for street sale rather than personal use. Appellant admitted that he intended to share the drugs with his friend.

Appellant requested a jury instruction on the lesser included offense for each count in a form which would allow the jury to consider the lesser included offense if unable to reach a verdict on the greater offense. Consistent with the standard instruction used in this jurisdiction for many years,[1] the trial judge instructed the jury to consider the lesser offenses only if it found that the government had failed to prove beyond a reasonable doubt appellant's guilt of the crimes charged. The instruction given by the trial court conforms to the procedure approved by this court and the District of Columbia Circuit when greater and lesser included offenses are charged. *See Towles v. United States*, 521 A.2d 651, 654 n. 6 (D.C.1987) (en banc); *Franey v. United States*, 382 A.2d 1019, 1021 n. 2 (D.C. 1978); *United States v. Butler*, 147 U.S. App.D.C. 270, 272, 455 F.2d 1338, 1340 (1972); *Fuller v. United States*, 132 U.S. App.D.C. 264, 292, 407 F.2d 1199, 1227 (1968) (en banc), *cert. denied*, 393 U.S. 1120, 89 S.Ct. 999, 22 L.Ed.2d 125 (1969). However, these decisions did not decide the issue presented here, namely, whether the "acquittal first" instruction may be given over a defendant's objection in the initial charge to the jury. In *Jones v. United States*, 544 A.2d 1250 (D.C.1988), we held that the acquittal first instruction is impermissibly coercive when given to a deadlocked jury. *Id.* at 1254. Although the opinion found fault with the instruction generally, we expressly left open the issue of whether the acquittal first instruction "should be given as part of the court's initial charge to the jury" when a less rigorous instruction is requested by the defense. *Id.*

Three federal circuits have held that, upon a defendant's timely request, an instruction should be given which permits the jury to consider the lesser offense if reasonable efforts to reach a verdict on the greater fail. *United States v. Jackson*, 726 F.2d 1466, 1469 (9th Cir.1984); *Catches v. United States*, 582 F.2d 453, 459 (8th Cir.1978); *United States v. Tsanas*, 572 F.2d 340, 346 (2d Cir.), *cert. denied*, 435 U.S. 995, 98 S.Ct. 1647, 56 L.Ed.2d 84 (1978); *see Jones v. United States, supra*, 544 A.2d at 1252. This form of the instruction is referred to as the "reasonable efforts" instruction. *United States v. Tsanas, supra*, 572 F.2d at 346. Either version of the instruction has advantages and disadvantages for each side in a trial. The *Tsanas* court pointed them out as follows:

> By insisting on unanimity with respect to acquittal on the greater charge before the jury can move to the lesser, it may prevent the Government from obtaining a conviction on the lesser charge that would otherwise have been forthcoming and thus require the expense of retrial. It also presents dangers to the defendant. If the jury is heavily for conviction on the greater offense, dissenters favoring the lesser may throw in the sponge rather than cause a mistrial that would leave the defendant with no conviction at all, although the jury might have reached sincere and unanimous agreement with respect to the lesser charge.

1. Criminal Jury Instructions for the District of Columbia, No. 4.00 (3d ed. 1978).

*Id.* A similar analysis can be made for the "reasonable efforts" instruction where the pros and cons for each side essentially mirror those for the "acquittal first" instruction. *Id.* Having balanced these considerations, the Second Circuit concluded that neither version of the instruction is wrong as a matter of law. *Id.* We agree.

■ The rationale for instructing in the form timely selected by the defendant is that defendant's liberty is at stake. *Id.* The Second Circuit concluded that considerations analogous to those underlying the rule of lenity, in which doubts involving construction of the penal code are resolved in favor of more lenient punishment, support this rule. *Id.* (citing *Bell v. United States*, 349 U.S. 81, 83, 75 S.Ct. 620, 622, 99 L.Ed. 905 (1955)); *see Jones v. United States, supra*, 544 A.2d at 1253–54; *see also Lemon v. United States*, 564 A.2d 1368, 1381 (D.C.1989) (rule of lenity provides that genuine ambiguity in criminal statutes be resolved in favor of defendant). We agree that this respected principle should guide the determination of the issue before the court. Therefore, we hold that where timely requested, the trial court should give an instruction which allows the jury to consider the lesser included offense, if unable to reach a verdict on the greater offense, after making all reasonable efforts to do so.

■ Although we find that the trial court erred in giving the "acquittal first" instruction over appellant's objection, we conclude nevertheless that the error does not require reversal in this case. We have criticized the instruction for its coerciveness when given to a deadlocked jury. *Jones v. United States, supra*, 544 A.2d at 1254. Such circumstances were totally absent here where jury deliberations were extremely brief. Moreover, appellant admitted at trial the lesser possession offense as well as the extra element of proof which distinguishes the greater offense from the lesser one, intent to distribute. Appellant testified that he possessed drugs when arrested which he intended to share with his companion. Such evidence proves possession with intent to distribute. *Chambers v.*

*United States*, 564 A.2d 26, 31 (D.C.1989). On these facts, we can say "with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error." *Kotteakos v. United States*, 328 U.S. 750, 765, 66 S.Ct. 1239, 1248, 90 L.Ed. 1557 (1946). Therefore, the error was harmless.

■ Appellant's final contention is that the prosecutor improperly argued, without a curative instruction from the court, appellant's admission that he intended to share the drugs with a friend as evidence of the element of intent to distribute. As we have stated, giving or sharing drugs with another constitutes distribution under the law, and an intention to share is evidence of an intent to distribute. *Chambers v. United States, supra*, 564 A.2d at 31. Additionally, the expert's testimony on the significance of the packaging and quantity of the drugs provided sufficient evidence to prove the requisite intent to distribute. *See id.* Therefore, we find no error.

For the foregoing reasons, appellant's convictions are hereby

*Affirmed.*

TERRY, Associate Judge, concurring:

I have grave doubts about the propriety of giving the "acquittal first" instruction in any case. I think it is inherently coercive, essentially for the reasons set forth in *Jones v. United States*, 544 A.2d 1250, 1253–1254 (D.C.1988). If I were a trial judge, I doubt that I would ever give it at all. Nevertheless, I agree with my colleagues that in this particular case the giving of the instruction was harmless error, and I also agree with their holding that, "where timely requested," the trial court should give a "reasonable efforts" instruction if the defense wants it. *Ante* at 262. As of today, that holding is the law of the District of Columbia. I therefore join in the opinion of the court.