Robert **CARMICHAEL,** a/k/a **Robert Carmichael, Jr.,** a/k/a **Robbie Carmichael,** a/k/a **Jerry Gleaton, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 9540.**

District of Columbia Court of Appeals.

Argued April 28, 1976.

Decided Sept. 3, 1976.

William V. DePaulo, Washington, D.C., with whom Mary Lee Garfield, Washington, D.C., appointed by this court, was on the brief, for appellant.

Peter E. George, Asst. U. S. Atty., Washington D.C., with whom Earl J. Silbert, U. S. Atty., Carl S. Rauh, Principal Asst. U. S. Atty., John A. Terry, Stuart M. Gerson and David M. Bullock, Asst. U. S. Attys., Washington, D.C., were on the brief, for appellee.

Before KELLY, GALLAGHER and HARRIS, Associate Judges.

KELLY, Associate Judge:

Appellant, indicted for second-degree murder, was ultimately convicted by a jury of involuntary manslaughter. He contends that his conviction must be reversed because involuntary manslaughter is not a lesser included offense of murder in the second degree and because the trial judge erred in denying admission of the decedent's conviction for carrying a pistol without a license, offered to prove the decedent's violent character. We affirm.

The circumstances surrounding the stabbing death of Richard Woods were not disputed. Although appellant did not testify at trial, his signed statement admitting that he had stabbed Woods was introduced into evidence. In that statement appellant explained that he had gone to his mother's apartment to confront Woods because he believed that Woods had been responsible for his being beaten and robbed the night before. Upon entering the apartment, he called to Woods who then came toward him with a soft drink bottle in his hand. Appellant picked up a kitchen knife and stabbed Woods who then staggered outside to the street where he died. An empty blood-covered bottle was found two feet from the body.[1] Appellant's mother who witnessed the stabbing corroborated her son's statement except that she testified that her husband had struck appellant with the bottle before the stabbing. Appellant's written statement disputed this by stating that he had not been struck by Woods because his mother was restraining Woods. Appellant's mother also testified that her husband had a violent temper and that he had beaten her on several occasions. Three other witnesses testified concerning the decedent's temper and of having seen him in numerous fights.

At the close of all the evidence the prosecutor inquired of the court and of defense counsel whether an instruction on the lesser included offense of manslaughter was to be given, stating that he believed an instruction on involuntary manslaughter would be appropriate. Defense counsel initially objected to any manslaughter instruction being given but finally agreed that an involuntary manslaughter instruction would be preferred to one on voluntary manslaughter.

The trial judge charged the jury on second-degree murder, self-defense and involuntary manslaughter. Thereafter after a little over an hour's deliberation, the jury was excused for the evening. The next morning the court received a note asking that the jury be reinstructed on second-degree murder, self-defense and involuntary manslaughter. Following reinstruction, the jury, at 3:35 p. m., reported that it was deadlocked. The trial judge nevertheless directed the jury to continue its deliberations and later, at 5:15 p. m., gave the jury a *Winters*[2] instruction. A partial verdict instruction was also given on the theory that if the jurors could not agree on the greater offense they might be able to return a verdict on the lesser included offense. The jury was then excused for the evening.

1. A stipulation was entered that appellant was not cut during the altercation in the apartment.

2. *Winters v. United States*, D.C.App., 317 A. 2d 530 (1974) (en banc).

The following morning the jury requested reinstruction on the meaning of "lesser included" and on the partial verdict. The trial judge sent the jury a typed definition of the meaning of "lesser included" but did not reinstruct on the partial verdict. The jury returned at 12:41 p. m. with a verdict of guilty to involuntary manslaughter.

■ At the outset we reject without discussion appellant's contention that involuntary manslaughter is not a lesser included offense of second-degree murder. "Manslaughter long has been recognized as a lesser included offense of second degree murder." *Pendergrast v. United States,* D.C.App., 332 A.2d 919, 924 (1975). We also reject the proposition advanced by appellant that the trial judge erred in giving the involuntary manslaughter instruction. A lesser included offense instruction is justified if there is a "sufficient evidentiary predicate to support the charge." *Id.* Here, the trial judge ruled that the evidence supported the lesser included charge of involuntary manslaughter. As to appellant's contention that an instruction on voluntary manslaughter should have been given, the record discloses that defense counsel did not object to the trial judge's decision to instruct only on involuntary manslaughter. Absent such objecton, there being no plain error, appellant cannot now question the instructions given. *Barnes v. United States,* D.C.App., 313 A.2d 106 (1973).[3]

■ Appellant claims that the trial judge somehow coerced the jury into a verdict on the lesser charge of involuntary manslaughter. In *United States v. Smoot,* 150 U.S.App.D.C. 130, 132, 463 F.2d 1221, 1223 (1972), it was held that a trial judge's request to a jury " 'to come back tomorrow to see if they could reach a verdict on the lesser charge [manslaughter] even if you can't agree on the greater charge [second-degree murder],' was not coercive." In this case the jury itself requested reinstruction on the lesser included offense charge, and we note again that defense counsel did not object to the reinstruction. The record discloses neither coercive words nor actions by the trial judge.

■ Lastly, we uphold the trial judge's ruling denying the admission of a certified copy of the decedent's conviction for carrying a pistol without a license. We have recognized: "In a criminal proceeding charging assault or homicide, evidence of the victim's general reputation for violence, or evidence of specific prior acts of violence by the victim if such acts were known to the defendant, may be used to support the defendant's claim of self-defense." *Cooper v. United States,* D.C. App., 353 A.2d 696, 700 n.8 (1976). However, the bare fact of proof of a conviction for carrying a pistol without a license does not in and of itself prove a specific violent act. *See Jones v. United States,* 128 U.S. App.D.C. 36, 38 n.2, 385 F.2d 296, 298 n.2 (1967).

The conviction on appeal is

*Affirmed.*

---

3. For this same reason we do not review the propriety of the trial judge's partial verdict instruction.