This is a death penalty case. We granted certiorari as a matter of right. Rule 39 (c), Alabama Rules of Appellate Procedure. Petitioner Lindsey takes issue with the decision of the Court of Criminal Appeals in several respects. After a thorough review of the record and study of the applicable law, we find no reversible error.
We agree with the Court of Criminal Appeals that this second trial did not violate Lindsey's right not to "be twice put in jeopardy of life or limb." Ala. Const. art. I, § 9; U.S. Const. amend. V. When the jury twice reported that it was unable *Page 394 
to reach a verdict, the trial court properly granted a mistrial. Code 1975, § 12-16-233; Ala. Const. art. I, § 9. This affirmance is not to be taken as approving the statements of the Court of Criminal Appeals indicating that the trial court correctly instructed the first jury not to begin considering lesser included offenses until it reached a unanimous preliminary verdict of "not guilty" of the capital offense. Rather, we merely affirm the determination that the deadlock of the first jury, for whatever reason, was sufficient grounds for a mistrial.
We also affirm, 456 So.2d 383, the Court of Criminal Appeals' holding that the denial of Lindsey's motion for a free transcript of the first trial does not require a reversal under the facts of this case. While it would have been proper for the trial court to grant the motion under the rule announced inBritt v. North Carolina, 404 U.S. 226, 92 S.Ct. 431,30 L.Ed.2d 400 (1971), the facts in this case, just as in Britt, indicate that an adequate substitute was available. Lindsey's counsel conducted pointed cross-examination of the State's key witnesses, making frequent reference to their prior testimony.
Lindsey's attorneys attacked the weaknesses in the State's case and established the theory of their defense in cross-examining the State's witnesses. They had transcripts of the prior testimony of three of the principal witnesses (two officers and the forensic pathologist) and statements given to the police by two other key witnesses (members of Lindsey's household). In closing arguments, Lindsey's attorneys emphasized the inferences to be drawn in his favor, chiefly from inconsistencies among the witnesses' testimony and from questions raised about the State's handling of the case. In sum, we cannot say that the Court of Criminal Appeals erred in holding that Lindsey has not been denied the tools of effective advocacy, see Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585,100 L.Ed. 891 (1956), as guaranteed by his Fourteenth Amendment rights to equal protection and due process of law.
Lindsey's argument that the trial court impermissibly sentenced him to death in spite of the jury's recommendation of life without parole has been authoritatively answered. Ex parteJones, 456 So.2d 380 (Ala. 1984); Spaziano v. Florida, ___ U.S. ___, 104 S.Ct. 3154, 82 L.Ed.2d 340 (1984).
The remainder of the issues Lindsey raises in his petition and brief have been correctly and sufficiently addressed and decided by the Court of Criminal Appeals. We, too, have reviewed "the propriety of the decision that death was the proper sentence." Code 1975, § 13A-5-53 (a).
We have inspected the entire record of these proceedings. The only thing we would add to the Court of Criminal Appeals' independent analysis of the aggravating and mitigating circumstances is to point out that the trial court determined that Lindsey's age, 21 years at the time of the crime, was not a mitigating factor. Mitigating circumstances can include "[t]he age of the defendant at the time of the crime." Code 1975, § 13A-5-51 (7). Lindsey's long history of criminal activity supports the trial court's determination that his youth is not a mitigating factor: Lindsey has an extensive juvenile court record beginning when he was twelve years old; he was convicted as an adult of assault with intent to rob for a crime he committed when he was sixteen years old; and he was convicted of third degree burglary committed when he was nineteen.
The judgment of the Court of Criminal Appeals is affirmed.
AFFIRMED.
All the Justices concur. *Page 395