**Nathan P. JONES, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 85–706.**

District of Columbia Court of Appeals.

Submitted Nov. 17, 1987.
Decided July 1, 1988.

---

David Carey Woll, Rockville, Md., appointed by this court, was on the brief for appellant.

Joseph E. diGenova, U.S. Atty. at the time the brief was filed, and Michael W. Farrell, Mary Ellen Abrecht, Roxane N. Sokolove, and Charles E. Ambrose, Jr., Asst. U.S. Attys., Washington, D.C., were on the brief for appellee.

Before MACK, TERRY, and ROGERS, Associate Judges.

TERRY, Associate Judge:

Appellant Nathan Jones was convicted of possession of cocaine with intent to distribute it,[1] carrying a pistol without a license,[2] possession of an unregistered firearm,[3] and possession of ammunition without a valid registration certificate.[4] We reverse the cocaine conviction because the trial court gave an erroneous instruction to the jury.

▮▮▮ Mr. Jones, his wife, and their three children were back seat passengers in a car that was stopped for a traffic violation. The police officer who stopped the car saw a gun on the floor next to the front passenger's feet. A search of that passenger yielded eighteen packets of cocaine, more than $200 in cash, and another gun. After several backup officers arrived, Jones and his family were asked to get out of the car. Because two guns had already been recovered, one of the newly arrived officers frisked Jones and in the pockets of his jacket found thirty packets of cocaine and a roll of bills totaling $687. Concluding that Jones had been dealing in cocaine, the officer placed him under arrest. Moments later another officer found a loaded gun tucked inside one of Jones' socks. On this appeal Jones contests the denial of his motion to suppress the items which the police seized from him, and also maintains that the evidence was insufficient to establish the chain of custody of the cocaine. We find no merit in either of these arguments.[5]

Jones' third assignment of error, however, requires reversal. After little more than an hour of deliberation, the jury sent the court a note saying that it was deadlocked on the issue of whether Jones was guilty of possession with intent to distribute or guilty of simple possession. The court gave the jury a *Winters* instruction[6] on the need to make efforts to reach a verdict. After another period of deliberation, the jury sent the court another note, asking if it could consider the lesser offense of simple possession if no agreement could be reached on possession with intent to distribute. Defense counsel requested that the jury be allowed to take this course; instead, the court instructed the jury that it could consider the lesser offense only if it found the defendant not guilty of the greater offense. This was an erroneous statement of the law.

1. D.C.Code § 33–541(a)(1) (1987 Supp.).

2. D.C.Code § 22–3204 (1981).

3. D.C.Code § 6–2311(a) (1981).

4. D.C.Code § 6–2361 (1981 & 1987 Supp.).

5. Jones cannot contest the seizure of the gun from the floor of the car next to the front passenger seat, since he asserts no interest in either the car or the gun. *Rakas v. Illinois,* 439 U.S. 128, 148–150, 99 S.Ct. 421, 433–34, 58 L.Ed. 2d 387 (1978); *see United States v. Johnson,* 496 A.2d 592, 594–595 (D.C.1985). The frisk which led to the discovery of the cocaine in Jones' pocket was justified under *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968),

because of the earlier seizure of the two guns. The discovery of the cocaine gave the police probable cause to place Jones under arrest, and the seizure of the gun from his sock was a permissible incident of that arrest. *See United States v. Robinson,* 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973).

Jones' challenge to the chain-of-custody evidence is entirely without merit. *See Ford v. United States,* 396 A.2d 191, 194–195 (D.C.1978); *United States v. Lane,* 192 U.S.App.D.C. 352, 591 F.2d 961 (1979); *Gass v. United States,* 135 U.S. App.D.C. 11, 13–14, 416 F.2d 767, 769–770 (1969).

6. Criminal Jury Instructions for the District of Columbia, No. 2.91(B) (3d ed. 1978); *see Winters v. United States,* 317 A.2d 530 (D.C.1974) (en banc).

■ In its original instructions the trial court told the jury:

> If you find that the government proved beyond a reasonable doubt every element of the offense of possession of cocaine with intent to distribute it, then it is your duty to find the defendant was guilty of the greater offense of possession with intent to distribute cocaine, as charged in the indictment, and you should not go on to even consider the lesser included offense of simple possession of the controlled substance.
>
> If you should find that the government has not proven the intent element of the offense of possession with intent to distribute these controlled substances, then you must find the defendant not guilty of that crime, that is, not guilty of possession with intent to distribute, and you should go on to separately consider whether the defendant is guilty of the lesser included offense of possession of cocaine.

This language substantially tracks the standard instruction, Criminal Jury Instructions for the District of Columbia, No. 4.00 (3d ed. 1978). The comment to this instruction says that when a defendant is entitled to a lesser included offense instruction, "the jury should be told first to consider the greater offense and then, if unanimously in favor of acquittal, to proceed to consider the lesser offense." *Id.* at 139. This is sometimes known as the "acquittal first" instruction. *See, e.g., State v. Allen,* 301 Or. 35, 38, 717 P.2d 1178, 1180 (1986). The case cited in the comment for that proposition, *United States v. Butler,* 147 U.S.App. D.C. 270, 455 F.2d 1338 (1971), held that a defendant who requested this instruction was entitled to it, rather than an instruction to consider and render verdicts on both greater and lesser included offenses. *Id.* at 272, 455 F.2d at 1340; *see Towles v. United States,* 496 A.2d 560, 565–565 (D.C.), *cert. dismissed,* 474 U.S. 935, 106 S.Ct. 269, 88 L.Ed.2d 276 (1985), *aff'd on rehearing en banc,* 521 A.2d 651 (D.C.), *cert. denied,* —— U.S. ——, 107 S.Ct. 3236, 97 L.Ed.2d 741 (1987); *Fuller v. United States,* 132 U.S.App.D.C. 264, 295–296, 407 F.2d 1199, 1230–1231 (1968) (en banc), *cert.*

*denied,* 393 U.S. 1120, 89 S.Ct. 999, 22 L.Ed.2d 125 (1969). *Butler, Towles,* and *Fuller* apply the general rule that a guilty verdict on a greater offense should preclude consideration of any lesser included offenses. *United States v. Gaddis,* 424 U.S. 544, 549–550, 96 S.Ct. 1023, 1026–27, 47 L.Ed.2d 222 (1976); *Franklin v. United States,* 392 A.2d 516, 517–518, 519 n. 3 (D.C.1978), *cert. denied,* 440 U.S. 948, 99 S.Ct. 1428, 59 L.Ed.2d 637 (1979); *Franey v. United States,* 382 A.2d 1019, 1021 & n. 2 (D.C.1978). This general rule, however, does not require an acquittal of the greater offense before a lesser offense may be considered.

Two cases in the District of Columbia have held that when a jury is deadlocked on the greater offense, the trial court does not coerce a verdict of guilty on the lesser offense by permitting the jury at that point to consider the lesser offense. *Carmichael v. United States,* 363 A.2d 302, 303–304 (D.C.1976); *United States v. Smoot,* 150 U.S.App.D.C. 130, 131–133, 463 F.2d 1221, 1222–1224 (1972). *Carmichael* and *Smoot* implicitly permit an instruction that allows a jury deadlocked on the greater offense to consider the lesser without having to acquit on the greater. This is sometimes known as the "reasonable efforts" instruction because it directs the jury to make reasonable efforts to reach a verdict on the greater offense before considering the lesser. *See, e.g., United States v. Tsanas,* 572 F.2d 340, 346 (2d Cir.), *cert. denied,* 435 U.S. 995, 98 S.Ct. 1647, 56 L.Ed.2d 84 (1978).

Courts in other jurisdictions are split on the propriety of these two instructions. Three federal circuits have held that if a defendant asks for the "reasonable efforts" instruction, the trial court should give it. *United States v. Jackson,* 726 F.2d 1466, 1469–1470 (9th Cir.1984); *Catches v. United States,* 582 F.2d 453, 459 (8th Cir.1978); *United States v. Tsanas, supra,* 572 F.2d at 346–347. Courts in two states have held that, regardless of whether the defense requests otherwise, the "acquittal first" instruction is improper. *People v. Hurst,* 396 Mich. 1, 9–10, 238 N.W.2d 6, 10 (1976); *People v. Harmon,* 54 Mich.

App. 393, 395–96, 221 N.W.2d 176, 178 (1974); *State v. Allen, supra.* Other courts holding that the "acquittal first" instruction is permissible, absent a defense objection, have not expressed an opinion on whether a defendant, upon request, is entitled to the "reasonable efforts" instruction. *Pharr v. Israel,* 629 F.2d 1278 (7th Cir. 1980), *cert. denied,* 449 U.S. 1088, 101 S.Ct. 880, 66 L.Ed.2d 815 (1981); *People v. Padilla,* 638 P.2d 15, 18 (Colo. 1981); *Commonwealth v. Edgerly,* 13 Mass.App. 562, 580–83 & n. 18, 435 N.E.2d 641, 652–653 & n. 18, *review denied,* 386 Mass. 1104, 438 N.E.2d 75 (1982).

On the other hand, several state courts have approved the "acquittal first" instruction without resting their holdings on the lack of a defense objection. *Lindsey v. State,* 456 So.2d 383, 387 (Ala.Crim.App. 1983), *aff'd,* 456 So.2d 393 (Ala.1984), *cert. denied,* 470 U.S. 1023, 105 S.Ct. 1384, 84 L.Ed.2d 403 (1985); *Dresnek v. State,* 718 P.2d 156 (Alaska 1986), *aff'g* 697 P.2d 1059 (Alaska Ct.App.1985), *cert. denied,* 479 U.S. 1021, 107 S.Ct. 679, 93 L.Ed.2d 729 (1986); *State v. Wussler,* 139 Ariz. 428, 430, 679 P.2d 74, 76 (1984); *People v. Zwiers,* 191 Cal.App.3d 1498, 1505–06, 237 Cal. Rptr. 123, 128 (1987); *Lamar v. State,* 243 Ga. 401, 402–03, 254 S.E.2d 353, 355, *appeal dismissed,* 444 U.S. 803, 100 S.Ct. 23, 62 L.Ed.2d 16 (1979); *People v. Boettcher,* 69 N.Y.2d 174, 181–183, 505 N.E.2d 594, 596–598, 513 N.Y.S.2d 83, 85–87 (1987); *State v. Wilkins,* 34 N.C.App. 392, 398–401, 238 S.E.2d 659, 664–665, *review denied,* 294 N.C. 187, 241 S.E.2d 516 (1977); *State v. McNeal,* 95 Wis.2d 63, 67–69, 288 N.W.2d 874, 876 (Wis.Ct.App.1980); *Ballinger v. State,* 437 P.2d 305, 309–310 (Wyo.1968).

■ The flaw in the "acquittal first" instruction is that it requires the jury to take an affirmative step by rendering an acquittal of the greater offense before it may even consider the lesser offense. We agree with the Supreme Court of Michigan that this requirement "improperly interfere[s] with the jury's deliberations...." *People v. Hurst, supra,* 396 Mich. at 10, 238 N.W.2d at 10. When the jury receives an "acquittal first" instruction, it is encouraged—some would say coerced—to favor conviction of the greater offense. *See Criminal Procedure—Recognizing the Jury's Province to Consider the Lesser Included Offense: State v. Ogden,* 58 Ore. L.Rev. 572, 575–576 (1980); Comment, *The Lesser Included Offense Instruction—Problems with Its Use,* 3 Land & Water L.Rev. 587, 595 (1968). This instruction gives a bargaining edge to jurors favoring conviction of the greater offense. Under it the lesser offense cannot even be considered until the whole jury votes to acquit the defendant of the greater. Jurors favoring the lesser offense, unless they can dissuade those favoring the greater, must either hold out until a mistrial is declared because of the deadlock or surrender their opinions and vote for the greater offense. *See* Recent Decisions, *State v. Wussler: An Unfortunate Change in Arizona's Lesser–Included Offense Jury Instruction,* 27 Ariz.L.Rev. 515, 525 (1985). Members of the jury who have substantial doubts about an element of the greater offense, but believe the defendant guilty of the lesser offense, may very well choose to vote for conviction of the greater rather than to hold out until a mistrial is declared, leaving the defendant without a conviction on any charge. *United States v. Jackson, supra,* 726 F.2d at 1470; *United States v. Tsanas, supra,* 572 F.2d at 346; *People v. Hurst, supra,* 396 Mich. at 9–10, 238 N.W.2d at 10; *State v. Allen, supra,* 301 Or. at 38–41, 717 P.2d at 1180–1181.

■ When the "reasonable efforts" instruction is given, however, the jury may consider the lesser offense without having to agree one way or the other on the greater. The jurors favoring the lesser will not vote for the greater, but those who favor the greater will still vote for conviction when the jury moves on to consider the lesser; hence the deadlock is dissolved, and there is no mistrial. Admittedly, the "reasonable efforts" instruction may disadvantage the government by causing a conviction of an offense less serious than the one it wanted. *Catches v. United States, supra,* 582 F.2d at 459; *United States v. Tsanas, supra,* 572 F.2d at 346. Such a result, however, is in keeping with the re-

spected principle that courts should "resolve doubts in the enforcement of a penal code against the imposition of a harsher punishment." *Bell v. United States,* 349 U.S. 81, 83, 75 S.Ct. 620, 622, 99 L.Ed. 905 (1955), quoted in *United States v. Tsanas, supra,* 572 F.2d at 346.

In this case, the question of whether to stand by the "acquittal first" instruction arose after the jury had twice reported a deadlock on whether appellant was guilty of the greater offense or the lesser. Some courts suggest that the "reasonable efforts" instruction is proper when given after the jury reports such a deadlock. *People v. Ray,* 43 Mich.App. 45, 46–50, 204 N.W.2d 38, 39–41 (1972); *State v. Ogden,* 35 Or.App. 91, 93–99, 580 P.2d 1049, 1050–1053 (1978) (en banc); *see United States v. Roland,* 748 F.2d 1321, 1325–1326 (2d Cir. 1984) (upholding the giving of a "reasonable efforts" instruction to a deadlocked jury, even though defense counsel requested an "acquittal first" instruction upon learning of the deadlock). Only one court has disagreed, holding that a jury which reports a deadlock between the greater and the lesser charges should be held to the "acquittal first" instruction, notwithstanding a defense objection. *Ballinger v. State, supra,* 437 P.2d at 309–310.

The risk of compromise or coercion to avoid a mistrial was compounded in this case because the trial court had previously given a *Winters* instruction when the jury first reported a deadlock on the greater offense. The jury was then told, in an attempt to foreclose any possibility that the deadlock would continue and cause a mistrial, that it had a duty to reach a verdict. Later, still deadlocked, the jury sent the court a note asking whether it could move on to the lesser offense. By giving the "acquittal first" instruction in response, the trial court virtually ensured that the deadlock would be resolved in favor of the greater offense, since it showed that some jurors were firmly for, and others firmly against, conviction of possession with intent to distribute.[7] Given the evidence in this case, there was very little doubt that

appellant was guilty of at least simple possession of cocaine. Since they could not dissuade those who favored the greater, the jurors who thought appellant was guilty of the lesser offense had to choose between holding out and causing a mistrial, which they were strongly discouraged from doing by the *Winters* instruction (as well as appellant's apparent guilt on the lesser charge), and voting to convict of the greater charge. The likelihood of such a compromise, to the detriment of appellant, was too great to be permitted.

The *Smoot* and *Carmichael* decisions both approved the giving of a "reasonable efforts" instruction when the juries were deadlocked on the greater offense. *Carmichael, supra,* 363 A.2d at 303–304; *Smoot, supra,* 150 U.S.App.D.C. at 131–133, 463 F.2d at 1222–1224. The same thing should have been done in this case when the jury told the court it was deadlocked. The court's failure to do so, even upon request, in our view was reversible error because it improperly interfered with the jury's deliberations and pushed the risk of a coerced verdict beyond acceptable limits. *People v. Hurst, supra,* 396 Mich. at 9–10, 238 N.W.2d at 10.

This appeal does not present, and we do not decide, the issue of which instruction—"reasonable efforts" or "acquittal first"—should be given as part of the court's initial charge to the jury. We hold only that when the jury reports a deadlock between the greater and the lesser offense, the "acquittal first" instruction should not be given because it is impermissibly coercive. In this case a retrial is necessary on the charge of possession of cocaine with intent to distribute it, since we cannot know what verdict a properly instructed jury would have returned. *State v. Allen, supra,* 301 Or. at 39–41, 717 P.2d at 1181. Appellant's other convictions, however, are affirmed.

*Affirmed in part, reversed in part, and remanded.*

---

7. We have previously warned that a trial court "may well be skating on thin ice" if it sends the jury out again on the second report of a dead-

lock when it has given a *Winters* instruction after the first such report. *Thompson v. United States,* 354 A.2d 848, 850 (D.C.1976).