Roger D. JACKSON, Appellant,

v.

UNITED STATES, Appellee.

No. 95–CF–1218.

District of Columbia Court of Appeals.

Argued April 11, 1996.
Decided Oct. 17, 1996.

Ted Kavrukov, Arlington, VA, appointed by the court, for appellant.

Ronald W. Sharpe, Assistant United States Attorney, Washington, DC, with whom Eric H. Holder, Jr., United States Attorney, and John R. Fisher and Thomas C. Black, Assistant United States Attorneys, were on the brief, for appellee.

Before STEADMAN, FARRELL and REID, Associate Judges.

STEADMAN, Associate Judge:

█ Appellant challenges his convictions on two counts of unlawful possession with intent to distribute a controlled substance ("PWID").[1] This case requires us to consider the proper course of action for the trial court when a jury instructed to make "all reasonable efforts" to agree on a greater offense expresses disagreement on that offense but returns a verdict on a lesser included offense, when the trial court is not satisfied under the circumstances that the jury has yet made adequate efforts. We reject appellant's argument that the trial court must accept the jury's verdict on the lesser offense and discharge the jury. We hold that the trial court retains discretion in such a case to require further deliberations on the greater offense, and we affirm the convictions.

## I.

Appellant faced charges on two counts of PWID, a felony. At the close of all the evidence, the defense requested that the trial court instruct the jury on the lesser included offense of unlawful possession of a controlled substance,[2] a misdemeanor. The defense also requested that the trial court instruct the jury to first consider the greater offenses and to proceed to the lesser offenses if, after making "all reasonable efforts," they were unable to reach a unanimous verdict on the felony charges. Both the jury instructions and the verdict form reflected the lesser offense and the reasonable efforts instruction.[3] After less than four hours of delibera-

tion,[4] the jury sent a note advising the court that they "were unable to reach a verdict" on the greater offenses but had reached a verdict on the lesser offenses.

A colloquy ensued among the court, defense counsel, and the prosecutor regarding the proper response to the jury's note. Defense counsel argued that this court's case law on the reasonable efforts instruction required the trial court to accept the verdict on the lesser offenses and discharge the jury. The trial court said it would do so only if the defendant waived double jeopardy protection for possible retrial on the greater offenses, which defense counsel declined to do. The prosecutor requested that the court take the verdicts on the lesser offenses but require the jury to deliberate further on the greater. Defense counsel opposed that course of action as well. Defense counsel then proposed that the court voir dire the jury as to whether they had "substantially and vigorously" considered the greater offenses; if they said that they had, he argued, the logic of the reasonable efforts instruction required that the court accept the lesser verdicts and discharge the jury.

The court agreed to ask the jury whether they had exhausted all reasonable efforts to reach a verdict on the greater offenses, but disagreed with defense counsel as to the significance of the answer. The court stated that an affirmative response would signify deadlock, permitting it to give a *Winters*[5] instruction telling the jury to deliberate further on the greater offense. Expressing con-

---

1. D.C.Code § 33–541(a)(1) (1993 Repl.). A police officer observed appellant apparently selling narcotics to a buyer. The officer first stopped the buyer, who promptly swallowed the zip-lock bag containing a white powder. The officer thereupon located appellant and searched him, finding nine heroin packets and eight dilaudid pills.

2. D.C.Code § 33–541(d) (1993 Repl.).

3. Specifically, the trial court instructed the jury:

   You should consider first whether the Defendant is guilty of possession with the intent to distribute a controlled substance. If you find the Defendant guilty, do not consider the lesser charge·of simple possession. If you find the Defendant not guilty of possession with intent

   to distribute a controlled substance, go on to consider the lesser simple possession. In addition, if after making all reasonable efforts to reach a unanimous verdict on the greater charge of possession with intent to distribute and (sic) you are not able to do so, you are then allowed to consider the lesser charge of possession of a controlled substance.

   *See* Criminal Jury Instructions for the District of Columbia, No. 4.00(A) (4th ed.1993) [hereinafter "Red Book"].

4. The jury deliberated from approximately 4:15 p.m. to 5:00 p.m. on June 28, 1995, and from 9:30 a.m. to approximately 12:30 p.m. on June 29, 1995.

5. *Winters v. United· States*, 317 A.2d 530 (D.C. 1974).

cern that "this reasonable efforts business lets the jury off the hook so easily" and deprives the government of verdicts on greater offenses, the court indicated that it would require further deliberations on the felony charges. The court gave defense counsel the choice whether or not to accept the verdict on the misdemeanors. Defense counsel declined to do so "under the circumstances," noting that he objected to all the choices presented him but believed foregoing the misdemeanor verdicts to be the "lesser evil."

The court called the jury into the courtroom and asked the foreperson whether she "believe[d] that the jury has exhausted all reasonable efforts to reach a verdict on [the greater offenses]." The foreperson replied "I do." The court immediately informed the jury that "what I am going to do is rather than take whatever your verdict is on [the lesser offenses,] I am going to give you some additional instructions. We will then let you go to lunch and then you will return and deliberate further on [the greater offenses]." The court then gave the anti-deadlock instruction approved in the majority *Winters* opinion,[6] *Winters, supra* note 5, 317 A.2d at 533 & app.; Red Book 2.91(B), and concluded with the instruction that "when you return from lunch, continue deliberating on [the greater offenses]." After approximately two more hours of deliberation, the jury returned guilty verdicts on the greater offenses.

## II.

██ For some time an "acquittal first" instruction was the standard instruction given in this jurisdiction. *(Nathan) Jones v. United States,* 544 A.2d 1250, 1252 (D.C. 1988). The acquittal first instruction requires a jury to unanimously acquit a defendant on a greater offense before returning a verdict on a lesser offense. *Id.* In *(Nathan)*

Jones, however, this court held that when the jury reported a deadlock on the greater offense, the acquittal first charge could not be given on reinstruction over defense objection. *Id.* at 1254. Instead, a "reasonable efforts" instruction should be given, permitting a jury to consider a lesser offense after making "all reasonable efforts" to reach a verdict on the greater offense.[7] *Id.* Subsequently, because each instruction presents distinct tactical advantages and disadvantages, and because the defendant's liberty is at stake, we held in *Wright v. United States,* 588 A.2d 260 (D.C. 1991), that a defendant who timely requests the reasonable efforts instruction is entitled to it at the time of the initial charge to the jury. *Id.* at 262; *see Cosby v. United States,* 614 A.2d 1291, 1296 & n. 6 (D.C.1992) (noting that defendant entitled to reasonable efforts *re* instruction upon request).

██ Appellant argues that fidelity to the defendant's election of the reasonable efforts instruction requires the trial court to accept the jury's verdict on the lesser charges and discharge the jury, if the jury reports that they have exhausted all reasonable efforts to agree on the greater charges. We agree with appellant's assertion only if the jury has *truly* exhausted all reasonable efforts. We do not agree that that determination is for the jury alone to make.

### A.

██ The purpose of the reasonable efforts instruction, distinguishing it from the acquittal first instruction, is to permit the jury to consider the lesser offense without reaching a unanimous verdict on the greater offense. Jurors favoring conviction on the lesser offense are thereby relieved of the pressure of a zero-sum choice between "throw[ing] in the sponge" on the greater offense and holding

6. The trial court during the colloquy had denied a defense request for the milder anti-deadlock charge reprinted in Red Book 2.91(A) and taken from *United States v. Thomas,* 146 U.S.App. D.C. 101, 108 n. 46, 449 F.2d 1177, 1184 n. 46 (1971), or the instruction proposed by Judge Gallagher in his concurring opinion in *Winters, supra* note 5, 317 A.2d at 539. No argument is made on appeal that the giving of either of these alternate instructions would have changed the situation.

7. It is not, however, "plain error" for the trial court to repeat the "acquittal first" instruction when reinstructing the jury. Defense counsel must object to such a reinstruction and request that the reasonable efforts instruction be given in its place. *(Robert) Jones v. United States,* 620 A.2d 249, 251 (D.C.1993).

out for a mistrial "that would leave the defendant with no conviction at all." *Wright, supra,* 588 A.2d at 261 (quoting *United States v. Tsanas,* 572 F.2d 340, 346 (2d Cir.), *cert. denied,* 435 U.S. 995, 98 S.Ct. 1647, 56 L.Ed.2d 84 (1978)). Although we have not had occasion to address the precise point previously, we see no basis to differentiate between "considering" a lesser offense and "returning a verdict" upon that offense.[8] Indeed, our previous discussions of the tactical considerations underlying a request for a reasonable efforts instruction plainly contemplate that the jury may return a verdict on a lesser offense after exhausting all reasonable efforts to agree on the greater offense. *See, e.g., (Robert) Jones, supra* note 8, 620 A.2d at 252 (reasonable efforts instruction may increase the probability that the jury will convict on the lesser offense); *(Nathan) Jones, supra,* 544 A.2d at 1253 (instruction may cause conviction of an offense less serious than the government wanted).

The government cites *Cosby, supra,* for the proposition that a trial court may always reject a jury's verdict on a lesser included offense in favor of requiring further deliberations on the greater offense. The critical difference between *Cosby* and this case, however, is that the jury in *Cosby* received an acquittal first instruction. *Cosby, supra,* 614 A.2d at 1294. The acquittal first instruction *requires* the jury to reach a unanimous verdict on the greater offense before considering the lesser. Thus, when the jury foreperson in *Cosby* informed the trial court that the jury had reached a verdict on the lesser offense but not on the greater, the court properly concluded that the jury had not "done its job." [9] *Cosby, supra,* 614 A.2d at 1295–96.

The terms of the acquittal first instruction controlled the *Cosby* court's analysis of the order in which the jury should return its verdicts and the trial court should accept them. Likewise, the terms of the reasonable efforts instruction control the return and entry of verdicts when the jury has been instructed thereon. Under reasonable efforts the jury has "done its job" when it has made all reasonable efforts to agree on the greater offense and has reached a verdict on the lesser offense. Accordingly, the trial court should then accept the verdict and discharge the jury.

### B.

This approach does not, however, bind a trial judge to accept a verdict on a lesser offense when the judge is not convinced that the jury has yet discharged their duty to make all reasonable efforts to reach a verdict on the greater offense. No basis exists in our jurisprudence for appellant's assertion that the jury itself should decide when the jury has exhausted all reasonable efforts. Trial courts need not accept at face value a jury's assertion of deadlock. *See, e.g., Carey v. United States,* 647 A.2d 56, 61 (D.C.1994); *Epperson v. United States,* 495 A.2d 1170, 1172 & n. 2 (D.C.1985) ("It seems almost too obvious to mention that trial judges routinely send juries back for further deliberation who prematurely send a message to the court that they are unable to reach a verdict"; jury is "hung" only if judge concludes they are genuinely deadlocked). Rather, the trial court has discretion to assess the totality of circumstances and require further deliberations if it doubts that the jury is "genuinely" deadlocked.[10] *Epperson,*

---

8. *Cf. People v. Kurtzman,* 46 Cal.3d 322, 250 Cal.Rptr. 244, 758 P.2d 572, 577 (1988) (en banc) (requiring that jury acquit of greater offense before returning a verdict on lesser, but permitting jury to consider offenses in any order it chooses). Our instruction is clear, however, that the jury should not even consider the lesser offense until they have made all reasonable efforts to reach a verdict on the greater offense. See note 3 *supra.*

9. The *Cosby* court noted that if the jury had been deadlocked on the greater offense (which they were not), defense counsel could have asked for

a reasonable efforts instruction. *Cosby, supra,* 614 A.2d at 1296. Instead, "[c]ounsel simply—and incorrectly—insisted that the court accept conviction on the lesser offenses [ ] as the jury's sole verdict." *Id.*

10. Factors informing the trial judge's decision to require further deliberations include, *e.g.,* the nature of complexity of the trial issues, the duration of the trial and the length of the jury deliberations, as well as the representations of the jury to the court about the state of their deliberations. *Epperson, supra,* 495 A.2d at 1172.

*supra,* 495 A.2d at 1172. Trials are expensive and time-consuming and wear on all concerned. Just as mistrials should not be lightly given, *(Darryl) Smith v. United States,* 665 A.2d 962, 966–67 (D.C.1995), so trial courts can require that juries make strenuous efforts to "do their job" before giving up in deadlock, *(Robert) Harris v. United States,* 622 A.2d 697, 701 (D.C.1993) ("To release a 'hung' jury where a true deadlock does not exist constitutes an unnecessary and undesirable waste of resources, and the trial court has the right and duty to urge a jury to work diligently to reach a fair and freely arrived at verdict if possible."), *cert. denied,* 510 U.S. 1129, 114 S.Ct. 1097, 127 L.Ed.2d 410 (1994). *See also Richardson v. United States,* 468 U.S. 317, 326, 104 S.Ct. 3081, 3086, 82 L.Ed.2d 242 (1984) ("The Government, like the defendant, is entitled to resolution of the case by verdict from the jury...."); *Epperson, supra,* 495 A.2d at 1174 ("[I]t is in the public interest ... that a jury reach a verdict if it can reasonably do so.").

By the same token, a trial judge who reasonably doubts that a jury has exhausted all reasonable efforts to reach a verdict on a greater offense, despite the jury's assertion to the contrary, has the discretion to require further deliberations. This is not at all inconsistent with the principle embodied in the reasonable efforts instruction that the jury is not bound to acquit on the greater charge before moving to the lesser. The reasonable efforts instruction does not require the judge to unquestioningly accept a verdict on the lesser offense and discharge the jury after deliberations that the judge believes to be insufficient. No less than in a single-count trial or when an acquittal first instruction is given, the desirability of final disposition of all matters by a single jury permits the trial judge to require a reasonable efforts jury to "do their job" by truly making "all reasonable efforts" to finally dispose of the greater offenses.[11]

### C.

■ To be sure, when the trial court reasonably doubts that the jury has exhausted all reasonable efforts and decides to require further deliberations on the greater offense, the trial court should carefully exercise its discretion with an eye toward averting a conflict with the defendant's election of a "reasonable efforts" jury instruction. *See Wright, supra,* 588 A.2d at 262. In particular, the court should avoid unintentionally suggesting to the jury by action or words that they must reach a unanimous verdict on the greater charge before any action can be taken on the lesser. Such a suggestion would be inconsistent with the defendant's election of a reasonable efforts instruction instead of an acquittal first instruction.

■ When a jury reports that they have exhausted all reasonable efforts and the trial court sends the jury back for additional deliberations with no further explanation for its action, a danger exists that, from the jury's perspective, the trial court may appear to be withdrawing the reasonable efforts instruc-

---

11. We need not decide for purposes of this appeal precisely what quantum of effort a trial court may require of a jury instructed to exhaust "all reasonable efforts." *Cf. (Nathan) Jones, supra,* 544 A.2d at 1252 (a jury "deadlocked" on a greater offense may consider the lesser); *United States v. Roland,* 748 F.2d 1321 (2d Cir.1984) (referring to reasonable efforts instruction as "hung jury" instruction). There can be no question here that the trial court acted within its discretion in determining that the jury had not deliberated for a sufficient amount of time to require the acceptance of the lesser verdicts. The trial court strikingly posed the problem in this manner:

> [T]his reasonable efforts business, this happens all the time. The Government never gets a verdict on the greater charge. I don't see anything inconsistent with [the reasonable ef-

forts instruction] or at least not make it so easy on the jury and they always do this. They jump to the lesser charge. I don't see anything inconsistent with [the opinion authorizing an initial "reasonable efforts instruction"] to say that they should keep deliberating on the greater charge.

And later:

> But, as long as we have a jury deliberating, [the government] is entitled to see if it is possible with more than 3 and a half hours of deliberations if the jury can reach a unanimous verdict on the greater charge.... If this had been 2 days down the road ... I would [accept the lesser verdicts and discharge the jury]. But, this is pretty early. I have no way of knowing whether this jury has truly exhausted all reasonable efforts.

tion and insisting upon a verdict on the greater offense. *Cf. Cantrell v. State,* 266 Ga. 700, 469 S.E.2d 660, 662 (1996) (noting that in certain circumstances refusing to accept a verdict on lesser charges yields same result as requiring unanimity on greater). Here, the court had initially instructed the jury that they could consider the lesser offenses after making all reasonable efforts to agree on the greater, and the verdict form reflected that instruction. The jurors heard their foreperson tell the judge that they had in fact exhausted all reasonable efforts with respect to the greater offenses. Without elaboration other than the *Winters* charge, however, the court instructed the jury to continue deliberating on the felony charges.

Nevertheless, as already indicated and contrary to appellant's contention, the trial court was free to require further deliberations. An additional instruction could have explained to the jury the court's obligation to ensure that the jury has exhausted all reasonable efforts, and that the court believed that further efforts were warranted in this case. Appellant requested no such instruction, however, nor does he propose any on appeal. He argued to the trial court only that the court had no discretion to require further deliberations—a proposition that we have rejected.[12] Under these circumstances, we see no basis to further consider disturbing the judgment below.[13]

*Affirmed.*

**12.** Nor did he object to the *Winters* charge in principle, only to the choice among its variants, see note 7 *supra,* which is not here further pursued. At most, and only on appeal, appellant refers to the *Winters* charge only as an aggravating element in his basic argument that the jury should not have been required to deliberate further at all. The *Winters* charge forms part of the trial court's overall arsenal for use in appropriate circumstances, and we perceive no plain error, if error at all, in that regard here. The real difficulty lies in the failure to give additional instructions once the decision to require further deliberations was made, as addressed in the text.

**13.** As an alternate ground for reversal, appellant argues that the trial court erred in denying his request for a "missing witness" instruction based on the government's failure to produce the alleged buyer in his case. See note 1, *supra.* The prerequisites to giving such an instruction are demanding and, even if they are met, the trial court retains discretion to refuse to give the instruction. *(Thomas) Harris v. United States,* 602 A.2d 154, 160–61 (D.C.1992) (en banc). We see no error here in the refusal to give the instruction.