Jermaine J. WILSON, Appellant,

v.

UNITED STATES, Appellee.

No. 03–CF–232.

District of Columbia Court of Appeals.

Argued May 24, 2005.

Decided April 26, 2007.

Corinne Beckwith, Public Defender Service, with whom James Klein, Public Defender Service, was on the brief, for appellant.

Sharon A. Sprague, Assistant United States Attorney, with whom Kenneth L. Wainstein, then United States Attorney at the time the brief was filed, John R. Fisher, Assistant United States Attorney at the time the brief was filed, Elizabeth Trosman and Robert Little, Assistant United States Attorneys, were on the brief, for appellee.

Before GLICKMAN, Associate Judge, and BELSON and SCHWELB, Senior Judges.*

GLICKMAN, Associate Judge:

Jermaine J. Wilson was charged with armed carjacking and related offenses. He contends that the trial judge committed reversible error by refusing to enforce his right to an "acquittal first" instruction when the jury convicted him of the lesser-included offense of (unarmed) carjacking

---

* At the time of argument, Judge Schwelb was an Associate Judge. His status changed to Senior Judge on June 24, 2006.

without first acquitting him of the greater offense of armed carjacking (on which it ultimately deadlocked). Wilson further contends that double jeopardy principles bar his retrial on the armed carjacking charge.

We reject Wilson's first contention because his trial counsel, informed that the jury had not reached a verdict on the armed carjacking charge, expressly approved taking the partial verdict on the lesser—included offense. Wilson's rights therefore were respected, not violated, and we affirm his (unarmed) carjacking conviction. We also affirm his other convictions, which he has not challenged on appeal. Wilson's double jeopardy claim is moot, for the government has represented that it will not re-prosecute him for armed carjacking if his (unarmed) carjacking conviction is upheld. In line with that representation, we remand with directions to the trial court to dismiss the armed carjacking count with prejudice.

## I.

According to the government's evidence at trial, Wilson stole a 2000 Honda CR–V from its driver and a passenger, at gunpoint. Police spotted the stolen car approximately ten minutes later. A brief high speed chase ensued, which ended when the car flipped over. Wilson was captured after he climbed out the window and tried to flee on foot. Although both victims identified Wilson on the scene as the carjacker, his defense was misidentification. Highlighting discrepancies between descriptions of the carjacker given to the police and his actual appearance, and the fact that a gun was not recovered, Wilson argued that he was not the person who stole the Honda CR–V even though he was in the vehicle when it crashed.

The indictment charged Wilson with four offenses: armed carjacking, possession of a firearm during a crime of violence (PFCV), unauthorized use of a motor vehicle (UUV), and first-degree theft. At the conclusion of the trial, the government requested that the jury also be instructed on the lesser-included offense of (unarmed) carjacking. Wilson did not object. The only difference between carjacking and armed carjacking is that the latter offense requires the government to prove that the carjacker committed the crime "while armed with or having readily available any pistol or other firearm ... or other dangerous or deadly weapon...." D.C.Code § 22–2803(b)(1) (2001).

A verdict form was prepared showing armed carjacking as Count 1 and carjacking as Count 1–A. (PFCV, UUV and first-degree theft were Counts 2, 3 and 4, respectively.) The judge instructed the jury to consider Count 1–A if it found Wilson not guilty of Count 1.[1]

After deliberating for about two hours, the jury sent a note stating that it had "reached a verdict on some counts but not on others." Observing that the jurors "haven't said they're hung," the trial judge

---

1. Specifically, regarding the "order" in which Counts 1 and 1–A were to be "consider[ed]," the judge instructed the jury that

   if you find the Defendant guilty of armed carjacking you do not have to consider the lesser included offense, which is Count 1–A, simple carjacking.... If on the other hand you find that the Government has not proven beyond a reasonable doubt that the Defendant is guilty of armed carjacking, mark "not guilty" above and then go on to consider count 1–A carjacking.

   Later, the judge reiterated that "if you find the Defendant guilty of armed carjacking, count number 1, do not go on to consider count 1–A.... If you find the Defendant not guilty of armed carjacking, count 1, then go on to consider count 1–A, the charge of carjacking." Neither party objected to these instructions.

suggested taking the partial verdict and asking the jury to continue deliberating on the remaining counts. The prosecutor agreed with that suggestion. Wilson's counsel concurred ("I think that's fine, Your Honor"), adding that her "only concern [was that] there are some complications in what they can consider and what they cannot consider, but I'm assuming that if they have any questions about that they would send a note."

Before taking the partial verdict, the trial judge asked the foreperson to identify the counts on which the jury had reached agreement. The foreperson answered that the jury had reached a verdict on Counts 1–A, 3, and 4. The judge inquired whether the jury had reached a verdict on Count 1, and the foreperson stated that it had not.[2] Without objection from either Wilson or the government, the judge then proceeded to take the partial verdicts. The jury found Wilson guilty of carjacking, UUV, and first-degree theft. After being polled and breaking for lunch, the jurors resumed their deliberations on the remaining counts.

Later that afternoon, the jury sent a second note reporting that its members saw "no prospect o[f] any agreement on the last 2 charges." Denying Wilson's motion for a mistrial, the judge gave an anti-deadlock instruction,[3] and the jury continued deliberating for another hour before being dismissed for the day.

The following morning, as the jury again resumed its deliberations, Wilson's counsel orally moved for a mistrial on the armed carjacking, carjacking, and PFCV counts. A mistrial was appropriate, counsel argued, because the jury had violated its initial instructions and rendered "an improper verdict" by considering the (unarmed) carjacking charge without first having acquitted Wilson on the armed carjacking count. Alternatively, Wilson's counsel asked the court to vacate the carjacking verdict and resubmit Count 1–A to the jury with an instruction not to consider it unless the jury first found Wilson not guilty of the armed carjacking charge.[4] The prosecutor objected that Wilson's motion came too late—he should have asked the judge not to take the jury's verdict on count 1–A before it was announced. Wilson's counsel responded that she thought all parties and the judge had assumed that the jury had acquitted Wilson of armed carjacking, and that she had not realized until later in the day that the jury was hung on that count. At the time the jury returned with its partial verdict, counsel added, she "wasn't certain about the instructions and ... what [the jury] could come back with."

The trial judge denied Wilson's motion, concluding that there were no valid grounds either to grant a mistrial or to vacate the carjacking verdict and reinstruct the jury. The jury deliberated for another hour, at which time it reported

2. The judge did not specifically inquire about count 2 (PFCV), but the jury had been instructed that it would have to find appellant guilty of armed carjacking "[i]n order to even reach count 2."

3. At Wilson's request, the judge gave the milder instruction proposed by Judge Gallagher in his concurring opinion in *Winters v. United States*, 317 A.2d 530, 539 (D.C.1974), rather than the instruction approved by the *Winters* majority.

4. Wilson's counsel argued that a mistrial was preferable to reinstruction, however, "because I think at this point to ask [the jurors] to go back when an improper verdict has been given, I think it's difficult to undo what has been done, and ... it is extremely prejudicial to reinstruct them at this point, because, mainly, ... we don't know how they got to where they did with the carjacking verdict."

itself still deadlocked and unable to reach a verdict on the remaining counts. Wilson's counsel moved for a "directed verdict" of acquittal on the armed carjacking count. The judge denied the motion and declared a mistrial.

## II.

■ A trial court is obligated to instruct a jury as to the proper order in which it should consider any greater and lesser included offenses that have been submitted to it. An "acquittal first" instruction requires the jury unanimously to acquit the defendant of the greater offense before it may consider and return a verdict on the lesser offense. *See (Nathan) Jones v. United States*, 544 A.2d 1250, 1252–53 (D.C.1988). The alternative "reasonable efforts" instruction informs the jury that it may consider the lesser offense if it is unable to reach a verdict on the greater offense after making all reasonable efforts to do so. *See Wright v. United States*, 588 A.2d 260, 261–62 (D.C.1991). Neither instruction "is wrong as a matter of law," *id.* at 262, and each "present(s) tactical advantages and disadvantages from the defendant's point of view." *(Robert) Jones v. United States*, 620 A.2d 249, 252 (D.C. 1993). For that reason, we have held, "the decision as to which instruction is preferable must be left to the defendant," at least as an initial matter. *Id.*; *see also Cosby v. United States*, 614 A.2d 1291, 1294 n. 4 (D.C.1992).[5]

■ In the present case, Wilson expressed no preference initially, and the trial judge gave the jury a version of the "acquittal first" instruction. *Compare* Criminal Jury Instructions for the District of Columbia, No. 4.00 (4th ed. 1993). Notwithstanding defense counsel's subsequent admission that she did not know what the instruction had been, we indulge Wilson's claim that he preferred the "acquittal first" formulation when it was given, since he did not object to it. *See Powell*, 684 A.2d at 379.

■ Wilson argues that the trial judge thereafter improperly overrode his preference by refusing his request to vacate the carjacking verdict and reinstruct the jury not to reach Count 1–A unless it acquitted Wilson of the greater offense (armed carjacking) charged in Count 1. We review the judge's rulings regarding whether to accept the partial verdict and reinstruct the jury for abuse of discretion. *See, e.g., Jackson v. United States*, 683 A.2d 1379, 1384 (D.C.1996) (partial verdict); *Powell*, 684 A.2d at 381 (reinstruction). There was no abuse of discretion here, for the judge in fact acceded to Wilson's expressed preference in taking the jury's verdict on Count 1–A.

A jury may return a partial verdict "at any time during its deliberations." Super. Ct.Crim. Proc. R. 31(b). Ordinarily, therefore, a partial verdict should be accepted when it is offered unless there exists good reason to do otherwise. In this case, because the jury had not yet declared itself deadlocked on Count 1 when it reported having reached a verdict on Count 1–A, Wilson had the right to insist that the verdict on the lesser included offense not be taken. *See Powell*, 684 A.2d at 381. But the "acquittal first" instruction was

---

5. If the jury deadlocks on the greater charge, a defendant's initial preference for an "acquittal first" instruction may be overridden. Under those circumstances, the trial judge has discretion to give a "reasonable efforts" instruction over the defendant's objection in lieu of granting a mistrial if it concludes that repeating an "acquittal first" instruction would be unduly coercive. *See Powell v. United States*, 684 A.2d 373, 381 (D.C.1996); *see also Taylor v. United States*, 866 A.2d 817, 825 (D.C.2005); *Parker v. United States*, 601 A.2d 45, 47 (D.C.1991); *(Nathan) Jones*, 544 A.2d at 1254.

optional, and the option belonged to Wilson in the first instance. He was free to opt for or against an "acquittal first" instruction initially, and after doing so, he was free to change his mind and waive his "acquittal first" right.[6] Thus, the trial judge appropriately consulted both Wilson and the government as to their preferences. Through his counsel, Wilson elected without qualification to take the jury's partial verdict on Count 1–A. He adhered to that election even after the foreperson informed him specifically that the jury had not reached a verdict on Count 1.[7] The trial judge did not deprive Wilson of any right by deferring to his informed choice; rather, the judge respected Wilson's right to choose. As the government agreed with Wilson's preference, the judge clearly did not err in taking the verdict on the lesser—included offense (even if the judge might have exercised his discretion to reject that verdict because the jury had not yet reported itself deadlocked on the greater offense, *see Cosby,* 614 A.2d at 1295–96).

Having waived his objection to taking an arguably premature verdict on the lesser offense, Wilson was bound by the results whether he liked them or not. Apart from the jury's failure to acquit him on the greater offense before deciding his guilt on the lesser, there was nothing objectionable about the verdict on Count 1–A. *Cf. Whitaker v. United States,* 617 A.2d 499, 503 (D.C.1992) (holding that where a jury indi-

cates in a note that it is about to render an inconsistent verdict and the defendant raises a timely objection, the trial court should reinstruct the jury rather than take the flawed verdict). Accordingly, Wilson's argument that there was still time, the following morning, for the trial judge to correct "the jury's error" is faulty; as Wilson had waived "the jury's error" and his expressed preference was honored, there was nothing the judge needed to correct.

It is unnecessary to address Wilson's second contention, that double jeopardy principles bar his retrial on the greater offense of armed carjacking. *But see Holt v. United States,* 805 A.2d 949, 954–56 (D.C.2002). The government has represented that it will not seek to resurrect the armed carjacking and PFCV charges unless Wilson's convictions for (unarmed) carjacking, UUV and first-degree theft are reversed on appeal. Inasmuch as we affirm those convictions, we direct the trial court on remand to dismiss the armed carjacking charge, together with the associated PFCV charge, with prejudice.

*Affirmed, with directions.*

---

**6.** Indeed, had the jury been deadlocked, Wilson could have reversed his previous position and *insisted* that a "reasonable efforts" instruction be given. *See (Nathan) Jones,* 544 A.2d at 1254; *see also Powell,* 684 A.2d at 381; *Cosby,* 614 A.2d at 1296 n. 6.

**7.** We do not understand how Wilson's counsel possibly could have thought that the jury had

acquitted him on Count 1, as she later stated. Even without the foreperson's express statement, it was clear that the jury had reached no verdict at all on the armed carjacking charge. Furthermore, contrary to Wilson's argument on appeal, we see no sign whatsoever that the judge was confused on this point.